IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2008

Charles R. Fulbruge III
Clerk

No. 06-50773
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

STEVEN DALE SHANKLIN

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:05-CR-64-ALL

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Steven Dale Shanklin, federal prisoner # 57552-180, pleaded guilty to tax evasion and was sentenced to 60 months of imprisonment. He seeks leave to proceed in forma pauperis (IFP) on appeal of the district court's denial of his post-judgment motions seeking release pending appeal, the inclusion of certain documents in the record on appeal in multiple appeals, access to the appellate record of his direct appeal, and the disclosure of grand jury proceedings. By moving for leave to proceed IFP, Shanklin is challenging the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

implicit certification that his appeal is not taken in good faith because it is frivolous. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5).

Shanklin contends that the district court's denial of his motion to proceed IFP on appeal was insufficient because the district court did not certify that the appeal was not taken in good faith and state in writing the reasons for the denial. He maintains that his conviction was unconstitutional because the record on appeal shows that he was not indicted by a grand jury. He argues that he was denied access to the record on appeal in his direct appeal, that the record on appeal was not complete because the grand jury transcripts and a non-redacted version of the indictment were not included, and that his sentence should be reduced or his conviction vacated. Shanklin has moved in this court for release pending appeal, expedited consideration of motions, and submission of this appeal for decision.

Although the district court did not explicitly certify that Shanklin's appeal was not taken in good faith, the district court referenced its reasoning from its denial of Shanklin's motion to proceed IFP on his prior appeal in denying Shanklin's IFP motion. In the prior denial, the district court ruled that Shanklin had presented no issue that could justify an appeal. This explanation by reference was sufficient to satisfy the district court's procedural requirements for denying Shanklin's IFP motion. See Baugh, 117 F.3d at 202 n.21.

While the copy of the indictment in the record is not signed by the grand jury foreperson, the record shows that the grand jury foreperson's signature was redacted pursuant to the E-Government Act of 2002. Any challenges Shanklin raises to non-jurisdictional defects in the indictment were waived by his guilty plea. See United States v. Easton, 937 F.2d 160, 162 (5th Cir. 1991).

To the extent that Shanklin otherwise challenges his conviction and sentence, his arguments are not cognizable in the present appeal. Collateral challenges to alleged errors occurring at or before sentencing are properly raised

in a 28 U.S.C. § 2255 motion.  See Reyes-Requena v. United States, 243 F.3d 893, 901 & n.18 (5th Cir. 2001).  To the extent that Shanklin raises procedural challenges to this court's ruling on his direct appeal, Shanklin has not shown that recalling this court's mandate on his direct appeal would prevent injustice. See 5TH CIR. R. 41.2.

The IFP motion is denied, and the appeal is dismissed as frivolous.  See Baugh, 117 F.3d at 202; 5TH CIR. R. 42.2.  Shanklin's pending motions for release pending appeal, expedited consideration of motions, and submission of appeal for decision are denied as moot.

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; PENDING MOTIONS DENIED.